## STATE v. HATHCOCK.

Laborers employed in working upon the road-bed of a railroad company, which was engaged in carrying freight, passengers and mail, were summoned to work upon the public highways, but failed to appear. Upon being prosecuted for such failure, they interposed their daily and constant employment at that time as a justifiable excuse, which defense was overruled by trial justice and Circuit judge.   *Held*, that there being no definition of what was a justifiable excuse in such cases, this court could not declare the ruling below to be error of law.

---

Before FRASER, J., Fairfield, September, 1883.

These were prosecutions against Oliver Hathcock, Walter Kelly, George McConnell, James McConnell and Rhett Jordan —five cases heard together, the same point being involved in all.   In dismissing the appeal to the Circuit Court, the presiding judge said :

The defendants were convicted and sentenced to pay each a fine of $5 or be imprisoned ten days in the county jail.   The defendants appeal on the grounds—1. That their employment, as

above stated, in the service of the railroad company is a "justifiable excuse." 2. That being so employed, they are not liable to road duty.

These defendants are not the employes of the government, either State or Federal. They have no claim on the government, and are in no way responsible to it. They are employed, and, I take it, paid, and can be dismissed by the railroad company at its pleasure. Except that they are paid for the time they work and not by the job, there is no difference between them and those who get out cross-ties, bridge and trestle timber, and fire-wood. I see nothing in the nature of their connection with the railroad company which exempts them from road duty. They are not exempt by statute as a class.

What is a justifiable excuse is not defined in the acts. I think, however, that it must be something in the nature of an emergency, which cannot, with reasonable care, be provided against, as sickness or death in one's family, or even of a near neighbor or friend, where the common interests of humanity demand that business shall be laid aside for the care of the sick and dying. Some heavy loss from fire or flood might be sufficient to excuse the sufferer during the temporary pressure on him. I take it that any sudden and unexpected demand on the railroad company to repair damages from a freshet or some accident on the railroad, might excuse the railroad hands. There is nothing of the sort in this case—nothing which could not have been provided for. The railroad company only employed hands enough to do their work, while it would have been easy to have employed sufficient force to do its work, making proper allowance for that which the State demands. I do not think that any class of persons not named as exempt in the act can plead their employment or occupation as *ipso facto* a valid or justifiable excuse for failure to do road duty.

The judgment of the trial justice in these cases is therefore confirmed.

The defendants' exception to this judgment was as follows :

For that his Honor did not hold that while a track-hand was working upon the track of a railroad, then in operation, at a

time when his so working was necessary for the safe transportation of merchandise, passengers and the United States mail, his being so employed constituted a "justifiable excuse" for not working upon the dirt highways of the State at that time.

*Mr. J. H. Rion,* for appellant.

This is a criminal action; hence, a different construction as to what will be a justifiable excuse must obtain from what would be construed such excuse in a civil action for a penalty. Railroads are public highways. *Gen. Stat.,* § 1550; *Cheves* 96; 16 *Wall.* 663, 685. The defendants work on these public highways every week-day in the year, and were so working on the day they failed to appear, doing work required by the charter. Railroads in operation in the United States are post-roads. *U. S. Rev. Stat.,* § 3964. Carrying the mails is a great public duty; and a right granted by charter. 11 *Stat.* 536, § 10. Taking these hands away would be impeding the operation of a constitutional power. 4 *Wheat.* 317; 2 *Black* 631. But these defendants cannot be convicted if they have a justifiable excuse. *Gen. Stat.,* § 1085. They were keeping this great public highway and the bridges, &c., in safe condition, and employed in a public duty as to State and United States. Governors, judges, sheriffs, &c., are not exempt under the letter of the statute, but if then engaged in public duties, they would have a justifiable excuse. Other hands employed instead of these would be likewise summoned. See 1 *Bailey* 170. In the case from *Cheves* 95, the railroad was not completed, nor in operation; they were not railroad hands, nor then engaged in work at the time necessary for safe transportation. Exemption is not claimed for these defendants; but that their employment on the same day was a justifiable excuse sufficient to prevent a conviction in a criminal case. Under act of 1825, white persons could not be imprisoned. The case in *Cheves* 210, would hardly be so ruled now. See, also, 2 *McCord* 401; 1 *Bailey* 168, 169, 170.

*Mr. Solicitor Gaston,* contra.

February 29th, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendants were employed by the Charlotte, Columbia and Augusta Railroad Company to work on the road-bed of said railroad, and it is said " that they were engaged on said work every day in the year, Sundays excepted, constantly employed in keeping said road-bed in condition, and that no more hands were employed than necessary for this purpose." While thus employed, they were warned to work on a public highway near by. This notice they disregarded, and failed to appear. Being indicted before a trial justice, they interposed the defense of " justifiable excuse," founded upon the facts above stated.

The act under which the defendants were indicted is found in general statutes, section 1085. It provides, " that if any person of legal age shall neglect to appear, or shall refuse to work upon the highways or roads (having no justifiable excuse), according to the directions of the overseer, he shall be deemed guilty of a misdemeanor," &c. The defense thus interposed was overruled by the trial justice, and also by the Circuit judge upon appeal to the Circuit Court. The appeal here raises the question again, Should the facts, as stated, have been held to constitute a justifiable excuse?

The act, as it will be seen, simply provides that a justifiable excuse in such cases will prevent conviction, but it nowhere defines or declares what is meant by the term " justifiable excuse," nor have we ever been able to find any case where a principle has been established by which the meaning of these terms can be determined as matter of law. *Cheves* 94, 210. The cases relied on by the respondent, found in Cheves' reports, do not touch this question. The first case decides that railroad hands are not exempt from highway duty, and the second, that postmasters are not exempt. The question here, however, is not whether the defendants were exempt, but whether, being otherwise liable to do road duty, they could be excused in this instance on the ground that their employment as railroad hands constituted a justifiable excuse.

It is the province of this court, under the constitution, to cor-

rect errors of law in cases at law brought before it by appeal. The difficulty in this case is, that we find no law, either statutory or otherwise, declaring what facts will constitute a justifiable excuse in cases like these, and, consequently, we have no rule by which to test the facts relied on by the appellants, and to determine whether or not, as matter of law, they make out a justifiable excuse. In the absence of such rule, whatever might be our individual opinions as to the sufficiency of the excuse, as a matter of justice or expediency, yet we cannot say that the court erred as matter of law in disregarding it. The legislature, in failing to define, either generally or specifically, what facts in law would amount to a justifiable excuse, seems to have left this matter to the judgment and discretion of the tribunal before which the parties might be brought, and such being the fact, it does not appear that any question of law can be involved, except that the accused has the right to interpose such a defense. If the court below had held that the defendants had no right to rely upon a "justifiable excuse" as a defense, this would have been in direct conflict with the act, and would have been error of law, subject to correction by this court; but, holding that a certain state of facts did not constitute this excuse, we fail to see what principle of law he disregarded.

It is urged by the appellants' counsel, that this is a criminal case, and hence, "a different construction as to what will be a justifiable excuse must obtain from what would be construed such excuse in a civil action for a penalty." This may be so, and yet the difficulty still remains. We are considering the question, whether the Circuit judge committed error of law in his ruling, and we cannot say that such error exists until we find some law defining the term "justifiable excuse," and none has been referred to as applicable either to a civil or criminal case.

It is said that railroads are public highways; that they carry the mails, which is a great public duty, and that hands employed by them to keep the road-bed in repair, for the safe transportation of the mails and the goods and merchandise of the people, are employed in a great public work; that they stand like the governor, the judges and other State officers while in the dis-

charge of their official duties, and therefore should not be disturbed. We do not think that defendants occupy the position claimed for them. The railroads may in some sense be highways, but hands employed in keeping these roads in repair, by contract and under wages, are not giving their labor to the public under the road law, as other citizens are required to do. Neither are they public officials. On the contrary, they are ordinary employes engaged in work of an important character, it is true, but a work, so far as they are concerned, entirely of a private nature and for their own individual profit, not differing from any ordinary employment—on the farm or workshop. But, be that as it may, the question again recurs, Where is the law which holds that even a public officer could interpose his public duties as a justifiable excuse, under this act, if he is otherwise liable? No doubt, in the case of a public officer discharging important public duties, such a defense would avail, but if it was disregarded, in reference to one not exempted by the road law when properly construed, could this court hold that it was legal error? We think not, except by judicial legislation. See *Harrington's Case,* 2 *McCord* 401 ; *Martindale's Case,* 1 *Bailey* 168, 170.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.